UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTENE GEORGE
and JAMES GEORGE,                                    Case No.

    Plaintiffs,                                  Hon.

v.

MEDILODGE OF MILFORD, LLC,

    Defendant.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiffs*
340 Beakes St., STE 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs Kristene George and James George, by and through their attorneys, HURWITZ LAW PLLC, hereby allege as follows:

### INTRODUCTION

1. Plaintiffs bring this action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* for unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and other relief against Defendant MediLodge of Milford, LLC (hereinafter referred to as "Defendant").

2. Defendant knowingly and deliberately made improper deductions from Plaintiffs' salary, while simultaneously expecting Plaintiffs to perform work in

excess of 40 hours per week without overtime compensation. By making such improper deductions, Defendant has vitiated its intent to pay Plaintiffs a salary and has therefore lost the benefit of exemption from 29 U.S.C. §§ 206 and 207.

## PARTIES AND JURISDICTION

3. Plaintiff Kristene George is an individual residing in Highland, Oakland County, Michigan.

4. Plaintiff James George is an individual residing in Highland, Oakland County, Michigan.

5. Defendant is a domestic limited liability corporation with its principal place of business in Milford, Oakland County, Michigan and a registered agent in Brighton, Livingston County, Michigan.

6. The U.S. District Court for the Eastern District of Michigan has subject matter jurisdiction over claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. pursuant to 28 U.S.C. § 1331.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because it is the district in which a substantial part of the events giving rise to the claim occurred.

## **FACTUAL ALLEGATIONS**

8. Defendant is a domestic limited liability corporation that operates a nursing home facility in Milford, Oakland County, Michigan.

9. Defendant hired Plaintiff Kristene George on or about February 16, 2022, for the position of Certified Nursing Assistant.

10. Plaintiff Kristene George paid a wage of $23.00 per hour.

11. Plaintiff Kristene George participated in Defendant's Weekend Warrior program from around May 2023 to December 16, 2023.

12. Defendant hired Plaintiff James George on or about September 16, 2022, for the position of Certified Nursing Assistant.

13. Plaintiff James George paid a wage of $27.00 per hour.

14. Plaintiffs consistently worked in excess of 40 hours per week.

15. Plaintiff James George was expected by his managers to be available to perform cognitive labor outside his regularly scheduled hours of work.

16. Plaintiffs were asked to attend unpaid trainings, unpaid meetings, and unpaid job education.

17. Plaintiff James George was required to monitor email or text messages while he was off the clock.

18. Plaintiffs were asked on multiple occasions to perform work before and after they were clocked in.

19. Defendant's policy required that all employees were required to be on-call in case of short staffing.

20. Plaintiff James George was regularly expected to be on-call but was not compensated for his time.

21. Defendant's process of obtaining their time records was so difficult that Plaintiffs typically could not access their pay stubs to check for discrepancies.

22. Plaintiff Kristene George inquired with Human Resources about having her pay stubs printed due to concerns.

23. Human Resources informed Plaintiff Kristene George that she was being overpaid and would need to deduct her pay. When Plaintiff pushed to see the pay stubs to verify this, Human Resources quickly retracted their statement.

24. Defendant employs a standard practice of automatically deducting unpaid lunch breaks for its employees.

25. Plaintiffs worked through their lunch breaks three to five days per week.

26. Defendant would regularly provide heavy workloads that required Plaintiffs to work through their lunch break.

27. Defendant has engaged in a practice of making deductions from Plaintiffs' salaries that do not fall within the guidelines of 29 C.F.R. §541.602(b).

28. Defendant has therefore engaged in an actual practice of making improper deductions from Plaintiffs' salaries.

29. Defendant's improper deductions are made knowingly and willfully.

30. Defendant has not reimbursed Plaintiffs for the improper deductions it has made to their salaries.

31. Plaintiffs are eligible for overtime pay pursuant to the FLSA.

32. 29 U.S.C. § 213(a)(1), operates to exclude, *inter alia*, any employee employed in a *bona fide* professional capacity from the requirement in 29 U.S.C. § 206 that an employee is entitled to be paid at least the minimum wage for any period in which she performs work for the employer.

33. Plaintiffs are employed in a *bona fide* professional capacity in accordance with the meaning of that term prescribed by 29 C.F.R. 541.300.

34. Defendant's practice of making improper deductions from Plaintiffs' salaries engages the operation of 29 C.F.R. 541.603, causing Defendant to lose Plaintiffs' exemption under 29 U.S.C. § 213(a)(1). *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843 (2012).

35. Effectively, Defendant is "stripped of the exemption because its actual practice of improperly deducting pay vitiates the intent to pay a salary" *Viviani v. Coffey & Associates, Inc.*, 2023 WL 3444696 (W.D. Oklahoma).

36. Plaintiffs are therefore entitled to be paid for any period their work for Defendant in accordance with 29 U.S.C. § 209.

37. Plaintiffs were unlawfully misclassified as "exempt" and deprived of proper overtime compensation for hours worked in excess of forty (40) per week.

38. Plaintiffs were deprived of wages by Defendant.

39. With respect to the collective and class action claims under the FLSA, the collective action class is defined as "all current and former employees of Defendant who were classified as 'exempt' from overtime from three (3) years preceding the filing of this lawsuit through the culmination of this litigation but suffered improper wage deductions that invalidated the overtime exemption." Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FLSA")

40. Plaintiffs incorporate the allegations in the foregoing paragraphs.

41. At all times material to this proceeding, Plaintiffs were and are an "employee" within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.

42. At all times material to this proceeding, Defendant was and continues to be an "employer" within the meaning of 29 U.S.C. § 203.

43. Plaintiffs were unlawfully misclassified as "exempt" under 29 U.S.C. § 213(a)(1).

44. Defendant violated 29 U.S.C. § 206 by failing to pay Plaintiffs at least the minimum wage for all hours in which they performed work for Defendant.

45. Defendant violated 29 U.S.C. § 207 by failing to pay Plaintiffs at least one and one-half times the regular rate for which they were employed for hours they worked in excess of 40 hours per week.

46. Defendant's conduct in this regard was knowing and willful.

47. Defendant is a sophisticated party and employer, and therefore knew or should have known that their pay policies were in violation of the FLSA.

48. Defendant's decision and practice to deduct Plaintiffs' pay and to refuse to pay them overtime pay was neither reasonable nor done in good faith.

49. Plaintiffs have been and are being deprived of earned wages in amounts to be determined at trial. Plaintiffs are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

a. An award of unpaid overtime wages under federal and state law;

b. An award of liquidated damages under federal and state law;

    c.       Prejudgment interest;

    d.       Attorneys' fees and costs under federal and state law; and

    e.       Such other relief as in law or equity may pertain.

> Respectfully Submitted,
> HURWITZ LAW PLLC
> /s/ *Noah S. Hurwitz*
> Noah S. Hurwitz (P74063)
> Attorneys for Plaintiffs
> 340 Beakes St., STE 125
> Ann Arbor, MI 48104
> (844) 487-9489

Dated: September 4, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTENE GEORGE

and JAMES GEORGE,                                    Case No.

    Plaintiffs,                                    Hon.

v.

MEDILODGE OF MILFORD, LLC,

    Defendant.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiffs*
340 Beakes St., STE 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiffs Kristene George and James George, by and through their attorneys, Hurwitz Law PLLC, and hereby demand a jury trial in the above-captioned matter for all issues so triable.

                              Respectfully Submitted,

                              HURWITZ LAW PLLC

                              /s/ *Noah S. Hurwitz*
                              Noah S. Hurwitz (P74063)
                              Attorneys for Plaintiffs
                              340 Beakes St., STE 125
                              Ann Arbor, MI 48104
Dated: September 4, 2024        (844) 487-9489