## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KRISTENE GEORGE AND JAMES GEORGE, ET AL.,** | : : : | Case No.: 2:24-cv-12308 |
| | : : | Honorable Judge Stephen Jones Murphy III |
| Plaintiffs, | : : | |
| vs. | : : | Magistrate Judge Kimberly G. Altman |
| **MEDILODGE OF MILFORD, LLC,** | : : : : | **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| Defendant. | : | |

For its answer to the Complaint, Defendant, Medilodge of Milford, LLC ("Defendant") states as follows:

## INTRODUCTION

1. Defendant admits that Plaintiffs purport to bring claims under the Fair Labor Standards Act ("FLSA"). Defendant denies that Plaintiffs' claims have merit, and denies all allegations in Paragraph 1 not expressly admitted herein.

2. Defendant denies the allegations in Paragraph 2.

## PARTIES AND JURISDICTION

3. Defendant is without sufficient information to admit or deny the allegations in Paragraph 3 and therefore denies them.

4. Defendant is without sufficient information to admit or deny the allegations in Paragraph 4 and therefore denies them.

5. Defendant admits it was previously a limited liability company organized under the laws of the state of Michigan until it filed a certificate of dissolution with the Michigan Secretary of State on January 6, 2022. Defendant denies all allegations in the Complaint not expressly admitted herein.

6. The allegations in Paragraph 6 state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits this Court has subject matter jurisdiction over Plaintiffs' FLSA claims. Defendant denies all allegations in Paragraph 6 not expressly admitted herein.

7. The allegations in Paragraph 7 state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits venue is proper in this Court. Defendant denies all allegations in Paragraph 7 not expressly admitted herein.

## FACTUAL ALLEGATIONS

8. Defendant admits it was previously a limited liability company organized under the laws of the state of Michigan until it filed a certificate of dissolution with the Michigan Secretary of State on January 6, 2022. Defendant denies all allegations in Paragraph 8 not expressly admitted herein.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant admits Plaintiffs were classified as not exempt from overtime. Defendant denies all allegations in Paragraph 31 not expressly admitted herein.

32. The allegations in Paragraph 32 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 32 as an incomplete, and this inaccurate, recitation of 29 USC 213.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant admits Plaintiffs purport to bring FLSA claims on behalf of a collective, but denies that collective treatment is warranted or appropriate, and denies all allegations in Paragraph 39 not expressly admitted herein.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

40. Defendant incorporates the prior paragraphs of this Answer as if fully restated herein.

41. The allegations in Paragraph 41 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

## **DEMAND FOR RELIEF**

50. Defendant denies the allegations in Plaintiffs' "Demand for Relief," including all subparagraphs therein.

51. Defendant denies all allegations in the Complaint not expressly admitted herein.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

52. Plaintiffs fail to state a claim upon which relief can be granted, and their Complaint must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

53. Plaintiffs were paid all compensation owed.

54. Plaintiffs' claims are barred by the doctrines of release, waiver, accord, and satisfaction.

55. Defendant acted at all times on the basis of good faith and a reasonable belief that it had complied fully with wage and hour laws. Defendant's conduct was not willful within the meaning of the FLSA. Defendant did not act with knowing or reckless disregard for the provisions of the FLSA.

56. Plaintiffs are not similarly situated to the collective they purport to represent.

57. Plaintiffs' damages are barred by the *de minimis* doctrine and/or because the alleged damages are speculative.

58. Plaintiffs' claims are barred by the doctrines of estoppel, judicial estoppel, laches, unclean hands, and preemption.

59. Compensatory damages, liquidated or treble damages, punitive damages, and/or attorneys' fees are not available for some or all of the causes asserted.

60. An award of punitive damages in this action would be unconstitutional.

61. Plaintiffs lack a good faith basis for their claim, in whole or in part.

62. Defendant pleads and relies upon all defenses, express or implied, contained in the Fair Labor Standards Act, and any cases or regulations related thereto.

63. Defendant had no knowledge of, nor should it have had knowledge of, any alleged unpaid overtime or off-the-clock work of the Plaintiffs or putative members of the purported collective. Plaintiffs' claims are barred as to hours allegedly worked where Defendant did not have actual or constructive knowledge of such hours worked.

64. The Complaint, and each cause of action thereof, is barred because Plaintiffs failed to notify Defendant of the alleged violations at the time they allegedly occurred, which prevented Defendant from taking any action to remedy such alleged violations.

65. Plaintiffs' claims, and the claims of putative class members, may not be litigated in court because they are subject to binding arbitration agreements.

66. The proposed collective cannot be certified because, even if Defendant violated the FLSA, it did not do so pursuant to a uniform policy or plan.

67. Plaintiffs are not entitled to prejudgment interest.

68. Plaintiffs have not suffered any damages as a result of the alleged conduct of Defendant. Any alleged damages suffered by Plaintiffs are the result of their own conduct or omissions.

69. Plaintiffs have failed to name necessary and indispensable parties.

70. Defendant is not liable for the claims asserted because Defendant did not employ Plaintiffs.

71. Plaintiffs lack standing to bring claims against Defendant.

72. Defendant reserves the right to assert additional defenses and affirmative defenses as they may become available or apparent during the course of this litigation.

**WHEREFORE**, Defendant, having fully answered the Complaint, requests that judgment be entered as follows:

A. That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

B. For its costs of suit, including reasonable attorneys' fees; and

C. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ *Jeremy D. Smith*
Jeremy D. Smith (OH 0088539)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
P: (513) 977-8200
F: (513) 977-8141
jeremy.smith@dinsmore.com

***Counsel for Medilodge of Milford, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer was served on Plaintiff's counsel by electronic mail this 12th day of November, 2024.

Noah S. Hurwitz
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI  48104
noah@hurwitzlaw.com

/s/ *Jeremy D. Smith*
Jeremy D. Smith (OH 0088539)

#51249758